IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 26-cv-00443-NYW

ERCAN KOCA,

    Petitioner,

v.

KRISTI NOEM, in her official capacity,
TODD LYONS, in his official capacity,
ROBERT HAGAN, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

    Respondents.

___

**ORDER**
___

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus (the "Petition"). [Doc. 1].

Petitioner Ercan Koca ("Petitioner") is a citizen of Turkey who has been detained in the ICE Denver Contract Detention Facility since December 7, 2024. [*Id.* at ¶ 11]. On July 7, 2025, an immigration judge determined that Petitioner faced a probability of future prosecution in Turkey and granted withholding of removal. [*Id.* at ¶¶ 11, 17]. Petitioner remains detained in ICE custody on the basis that ICE is "looking for another country" for removal; no other country has been identified thus far. [*Id.* at ¶ 18]. Petitioner argues that his continued detention violates his Fifth Amendment procedural and substantive due process rights, the Immigration and Nationality Act, and the Administrative Procedure Act. [*Id.* at ¶¶ 55–69].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further upon review of the Petition and Motion for Order, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **February 10, 2026**. Petitioner shall promptly file proof of such service on the docket by **February 12, 2026**, and counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1) Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **February 10, 2026** and shall file proof of service on or before **February 12, 2026**;

(2) Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted; and

3

(3) Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED: February 6, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge