IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 26-cv-00443-NYW

ERCAN KOCA,

 Petitioner,

v.

KRISTI NOEM, in her official capacity,
TODD LYONS, in his official capacity,
ROBERT HAGAN, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

 Respondents.

## MEMORANDUM OPINION AND ORDER

 This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus (the "Petition") filed by Petitioner Ercan Koca ("Petitioner" or "Mr. Koca"). [Doc. 1]. Respondents filed a Response to the Petition on February 17, 2026. [Doc. 7]. No reply has been filed, and the time to do so has elapsed. *See* [Doc. 4 at 3]. For the reasons set forth below, the Petition is respectfully **GRANTED in part** and **DENIED in part**.

## BACKGROUND

 Petitioner is a citizen of Turkey who has been detained in the ICE Denver Contract Detention Facility since December 7, 2024. [*Id.* at ¶ 11]. On July 7, 2025, an immigration judge determined that Petitioner faced a probability of future prosecution in Turkey and granted withholding of removal. [*Id.* at ¶¶ 11, 17]. No Party appealed the immigration judge's decision. [Doc. 7 at 4]. Petitioner remains detained in ICE custody on the basis that ICE is "looking for another country" for removal, but no other country has been identified thus far. [Doc. 1 at ¶ 18]. Indeed, Respondents state that they "do not have

information to present to the Court concerning their efforts to remove Petitioner to a third country."  [Doc. 7 at 7].

Petitioner brings the following claims:  (1) a claim asserting that his prolonged detention violates his substantive due process rights; (2) a claim asserting that his prolonged detention violates the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and *Zadvydas v. Davis*, 533 U.S. 678 (2001); (3) a procedural due process claim asserting that Petitioner's procedural due process rights have been violated because "Respondents have failed to provide Petitioner with a constitutionally adequate custody review and have further failed to provide notice and an opportunity to seek protection from third-country removal"; and (4) a claim arguing that "Respondents' policy of 'surprise' third-country removal" is unlawful under the Administrative Procedure Act.  [Doc. 1 at 12–14].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687–88).

## ANALYSIS

I.   **Detention of Noncitizens**

Generally, when a noncitizen is ordered removed from the United States, the

2

removal "shall" occur within the next 90 days—the "removal period." 8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005). Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained, *id.* § 1231(a)(6) (emphasis added). The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion." *Zadvydas*, 533 U.S. at 697. Indeed, "read in light of the Constitution's demands," section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court did recognize, however, a presumptively reasonable six-month detention period. *Id.* at 701. "After this 6-month period," if the noncitizen demonstrates "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court explained that a six-month presumptive period does

3

not mean that every noncitizen detained for six months must be released; rather, a noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But "if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

## II.    Petitioner's Detention

Respondents do not dispute that the length of Petitioner's detention since the removal order exceeds the presumptively reasonable six-month period recognized in *Zadyvas*. *See* [Doc. 7 at 7 ("Petitioner's order of removal became administratively final on August 6, 2025, after expiration of the appeal period. . . . To date, Petitioner has been detained for approximately six months (195 days) since his removal order became final.")]. Therefore, Petitioner bears the burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. This standard does not require Mr. Koca to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Id.* at 702. "Rather, []he simply must show that removal is not significantly likely in the reasonably foreseeable future." *Ahrach*, 2025 WL 3227529, at *3.

Mr. Koca argues that the immigration judge's grant of withholding of removal is a "particular individual barrier" that "creates a permanent impediment to removal to his home country." [Doc. 1 at ¶¶ 30–31]. In their Response, Respondents do not contest this assertion or argue that Petitioner has failed to meet his initial burden under *Zadvydas*. *See* [Doc. 7]. The Court agrees that Petitioner has met his burden by showing "the

4

existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. 24-cv-00464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *recommendation adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025). Because Mr. Koca has been granted withholding of removal to his country of origin, Turkey, and because Respondents have not identified any other country that would accept him (or indicated that they have made any efforts to locate such a country), he has shown "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; s*ee also Castellano v. U.S. Dep't of Homeland Security*, No. 26-cv-00080-PAB, 2026 WL 472732, at *3 (D. Colo. Feb. 19, 2026) (finding that petitioner met his burden where respondents had not identified any country that would accept him and had made little progress in securing deportation); *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705–06 (W.D. Tex. 2025) (petitioner met his burden by showing he could not be removed to El Salvador, "the only country of which he is a citizen," and the government identified no alternative country for removal).

The burden thus shifts to Respondents to present sufficient evidence to show that removal is likely. *Zadvydas*, 533 U.S. at 701. Having presented no such evidence, Respondents have not met their burden. At best, Respondents assert that "DHS and the U.S. Department of State are working in coordination to evaluate and select a third country for removal." [Doc. 7-1 at ¶ 23]. This vague statement provides no meaningful information to the Court and does not demonstrate that removal is likely. Respondents do not, for example, "identify which countries they might contact" to effectuate removal, nor do they list "concrete steps they will take to effectuate [Mr. Koca's] timely removal."

5

*Ahrach*, 2025 WL 3227529, at *5. Indeed, Respondents concede that they "do not have information to present to the Court concerning their efforts to remove Petitioner to a third country." [Doc. 7 at 7]. Respondents have, therefore, not met their burden to justify Petitioner's continued detention. *See Balouch v. Bondi*, No. 9:25-cv-00216-MJT, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (ruling that "conclusory statements via written declarations that [the government was] taking steps to remove Petitioner to Iran" were insufficient to meet government's burden); *Momennia v. Bondi*, No. 25-cv-01067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025) ("[M]ere intent to find a third country is too speculative to permit indefinite detention or to overcome [the petitioner's] showing."), *recommendation adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

While the government "has the right to enforce" Petitioner's order of removal, it "may not detain [him] for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025). For the reasons set forth in this Order, the Court concludes that Respondents' continued detention of Petitioner violates the Fifth Amendment and the Immigration and Nationality Act. *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025). The Court will order that Mr. Ercan be released from custody pursuant to 28 U.S.C. § 2241(c)(3). *See Ahrach*, 2025 WL 3227529, at *5 (granting release in similar circumstances); *Salazar-Martinez v. Lyons*, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025) ("The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision." (collecting cases)).

6

### III. Petitioner's Other Requests for Relief

In addition to immediate release from detention, Petitioner asks the Court to (1) "[d]eclare that Respondents' actions or omissions violate the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution"; (2) "[p]ermanently enjoin Respondents from removing Petitioner to any third country without providing at least thirty (30) days' advance written notice and a meaningful opportunity to seek fear-based protection (Withholding of Removal or CAT) before an Immigration Judge, consistent with the requirements of Procedural Due Process"; and (3) enter an award of attorney's fees and costs. [Doc. 1 at 15].

With respect to Petitioner's first request for declaratory relief related to Respondents detention-related actions, this request is moot in light of the Court's order to release Petitioner. *Pena-Gil*, 2025 WL 3268333, at *5. Insofar as Petitioner asks for a declaration about the legality of "Respondents' policy of 'surprise' third-country removal," [Doc. 1 at ¶ 69], the Court cannot enter any such relief. The Court is aware that many district courts have found that a recent ICE policy of deporting individuals to third countries without providing an opportunity to be heard and present fear-based claims is unlawful. *See, e.g.*, *Abghari v. Hermosillo*, No. 2:26-cv-00269-JNW, 2026 WL 503317, at *5 (W.D. Wash. Feb. 24, 2026); *Kumar v. Wamsley*, No. 25-cv-02055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025) (collecting cases); *D.V.D. v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d. ----, 2026 WL 521557, at *34 (D. Mass. Feb. 25, 2026) (vacating the policy as "not in accordance with law" under the Administrative Procedure Act), *appeal docketed*, No. 26-1212 (1st Cir. Feb. 28, 2026). But Petitioner's Petition

does not discuss, let alone raise any arguments about, this policy. *See* [Doc. 1]. The Court cannot weigh in on the constitutionality or lawfulness of a policy that is not meaningfully or sufficiently challenged by Petitioner. *See United States v. Walker*, 918 F.3d 1134, 1151 (10th Cir. 2019) (arguments raised only in a perfunctory manner may be deemed waived).

To the extent Petitioner seeks attorney's fees, this District's Local Rules require that those requests be made by separate motion. *See* D.C.COLO.LCivR 54.3.

That leaves Petitioner's request that this Court enjoin Respondents from removing Petitioner to a third country without providing written notice and a meaningful opportunity to seek fear-based protection. [Doc. 1 at 15]. Again, courts throughout the country have concluded that ICE's policy of removing individuals to third countries without meaningful notice and an opportunity to be heard is unlawful, and a number of courts have granted the type of relief sought by Petitioner here. *See, e.g.*, *Emara v. Bondi*, No. 26-cv-00116-KKE, 2026 WL 266067, at *5 (W.D. Wash. Feb. 2, 2026); *Hernandez v. Bondi*, No. 1:25-cv-02020-EPG-HC, 2026 WL 350829, at *8 (E.D. Cal. Feb. 9, 2026); *Al Zoubani v. Noem*, No. 26-cv-00378-BJC-KSC, 2026 WL 524053, at *3 (S.D. Cal. Feb. 25, 2026). The Court acknowledges Petitioner's concern that he will be removed to a (currently unidentified) third country without an opportunity to raise a reasonable fear argument. However, as explained above, Petitioner does not assert *any* argument challenging Respondents' policy—or even discuss the policy at all. *See* [Doc. 1]; *see also Vardumyan v. Noem*, No. 5:26-cv-00641-MRA-MAA, 2026 WL 530759, at *7 (C.D. Cal. Feb. 20, 2026) (declining to address similar request where the petitioner "[did] not substantively explain why such relief is warranted"). Moreover, a "petition for writ of habeas corpus is only available to

challenge the fact or duration of confinement," *Basri v. Barr*, 469 F. Supp. 3d 1063, 1066 (D. Colo. 2020), so this requested relief "is outside the relief available on a petition for writ of habeas corpus," *Fadwa v. Lyons*, No. 25-cv-03660-PAB, 2025 WL 3525026, at *7 (D. Colo. Dec. 9, 2025).  Accordingly, the Court declines to enter the requested injunctive relief.

For the reasons set forth in this Order, the Petition is **GRANTED in part** and **DENIED in part**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for a Writ of Habeas Corpus [Doc. 1] is **GRANTED in part** and **DENIED in part**;[1]

(2) Respondents **SHALL RELEASE** Mr. Koca **no later than 48 hours after the issuance of this Order**; and

(3) On or before **March 9, 2026**, the Parties shall file a joint status report informing the Court of the status of Mr. Koca's release and whether any additional proceedings in this matter are required.

DATED: March 2, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[1] Because the Court has granted Petitioner the relief he seeks on his substantive due process claim and has explained why his other requests for relief cannot be granted, the Court need not address Petitioner's other claims for relief.  *See Pena-Gil*, 2025 WL 3268333, at *4.